IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARENA JOHNSON, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BUSINESS DECISIONS ) | |
| INFORMATION, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Arena Johnson ("Plaintiff" or "Johnson"), and files this Complaint against Defendant Business Decisions Information, Inc. ("Defendant" or "BDI"), and shows the following:

## I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant BDI is a Georgia corporation and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.     Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant as a "Case Manager" from July 2012 to August 2013.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout her employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work, specifically clerical and customer service tasks involved in setting up and maintaining case files pertaining to Defendant's investigations of insurance claims which Defendant performed on behalf of insurance companies and other third parties.

9.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

During the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours she worked over (40).

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Throughout her employment, Plaintiff was paid a salary of $425 per week which she received via bi-monthly payments of $850.

13.

Throughout her employment, Plaintiff was non-exempt from the overtime requirements of the FLSA and was entitled to overtime for any hours she worked excess of (40) in given workweeks.

14.

Throughout her employment, Plaintiff was paid on a salary basis at a rate of less than $455 per week, and she was not paid overtime compensation for hours she worked in excess of (40) in given workweeks.

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

During the last three years, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

18.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

20.

Defendant's violations of the FLSA were willful and in bad faith.

21.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

22.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

### IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 16th day of October, 2013.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Arena Johnson

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile