## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is entered into by and between **ARENA JOHNSON** ("Plaintiff") and **BUSINESS DECISIONS INFORMAITON, INC. and WELTON S. WILLIAMS** (collectively known as "BDI" or "Defendants"), on the date of execution hereof by the last party executing below, with all persons and entities being collectively identified herein as the "Parties."

**WHEREAS,** Plaintiff Arena Johnson brought a claim against Defendants for overtime pay in the Northern District of Georgia, Civil File No 1:13-cv-3415-AT and

**WHEREAS,** Plaintiff Arena Johnson brought a claim against Defendants for overtime pay in the amount of $7, 407.45 and an equal amount in liquidated damages. Plaintiff's counsel contends they have incurred fees in excess of $13,294.00 in pursuit of this legal matter and

**WHEREAS,** the Parties have agreed to resolve any and all claims existing between the Parties, including, without limitation, the existing Litigation without any admission of guilt by the Defendants;

**NOW THEREFORE,** in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **SETTLEMENT PAYMENT.** Defendant shall pay to the Plaintiff a settlement payment in the amount of $15,000.00. Payments shall be made over a period of twelve months in the amount of $1,250.00. There is no pre-payment penalty and no interest charged on the payments. Payments shall be delivered to the offices of Barrett & Farahany, 1100 Peachtree Street, Suite 500, Atlanta, GA 30309 by the 25th of each month until the balance is paid in full.

2. **SATISFACTION OF JUDGMENT.** Upon the receipt and clearance of the final settlement payment, referenced in Paragraph 1 herein, the Plaintiff shall dismiss the underlying litigation with prejudice.

3. **EFFECT OF NON-COMPLIANCE.** Should Defendant fail to make the settlement payment, referenced in Paragraph 1 above, this Settlement Agreement can be enforced via a Motion to Enforce the Judgment filed in the Northern District of Georgia.

4. **RELEASES.** Except for the obligations set forth in this Settlement Agreement, Defendant does hereby forever fully and finally release and forever discharge the Defendants, its agents and assigns, and any other person, firm, corporation, or entity charged or chargeable with responsibility or liability, from any and all money damages and injunctive relief claims, demands, damages, costs, expenses, loss of service, actions, causes of action, and agreements of every kind and nature whatsoever, known or unknown, express or implied, at law or in equity,

arising from any act or occurrence, from the beginning of the world through the date of this Settlement Agreement, including, without limitation, claims raised in the Lawsuit.

Except from the obligations set forth in this Settlement Agreement and upon receipt and clearance of the settlement payments referenced in Paragraph 1 above, the Plaintiff does hereby forever fully and finally release and forever discharge the Defendants, its agents and assigns, and any other person, firm, corporation, or entity charged or chargeable with responsibility or liability, from any and all money damages and injunctive relief claims, demands, damages, costs, expenses, loss of service, actions, causes of action, and agreements of every kind and nature whatsoever, known or unknown, express or implied, at law or in equity, arising from any act or occurrence, from the beginning of the world through the date of this Settlement Agreement, including, without limitation, claims raised in the Lawsuit.

5. **CONFIDENTIALITY.** The Parties agree that the terms and conditions of this Settlement Agreement are absolutely confidential between the parties and shall not be disclosed to anyone else, except as shall be necessary to effectuate its terms. Any disclosure in violation of this section shall be deemed a material breach of this Agreement authorizing the non-breaching party to seek damages.

6. **POWER TO ENTER INTO AGREEMENT.** The Parties represent to one another that they have the power and are duly authorized to enter into this Settlement Agreement with regard to all matters described herein upon the terms set forth and that the persons executing this Settlement Agreement are the authorized agents of the respective Parties for the purposes of executing this Settlement Agreement. The Parties also acknowledge and agree that this Settlement Agreement constitutes a valid and legally binding obligation of each Party, enforceable in accordance with its terms.

7. **NON-WAIVER.** This Settlement Agreement is not intended to and shall not be or constitute any waiver by Association of any lien right or any other right created by the Declaration or Georgia law and does not preclude the Association from pursuing any future claims against Defendant in the event that any such claims arise, including, but not limited to, resuming collection actions against Defendant in the event that Defendant defaults on this Settlement Agreement. Defendant hereby acknowledges and agrees that Defendant is subject to the Declaration and that going forward Defendant is obligated to pay to the Association all assessments, fines, charges, and related amounts levied against the Subject Property so long as Defendant is the owner of the Subject Property or any lot located within the Durham Lakes community.

8. **GOVERNING LAW, JURISDICTION, AND VENUE.** The Parties agree that this Settlement Agreement is governed by and construed in accordance with the laws of the State of Georgia. The Parties further agree that the Superior Court of Fulton County, Georgia shall be the exclusive jurisdiction and venue for any action to enforce this Settlement Agreement or any dispute arising under this Settlement Agreement. Nothing in this Settlement Agreement shall be construed or interpreted to be a waiver of process or the service of process.

9. **SEVERABILITY.** Whenever possible, each provision of this Settlement Agreement shall be interpreted in such manner as to be effective and valid under Georgia law, but if any provision of this Settlement Agreement is held to be invalid, illegal, or unenforceable in any respect under Georgia law, such invalidity, illegality, or unenforceability shall not affect any other provision of this Settlement Agreement, and this Settlement Agreement shall be reformed, construed, and enforced as if such invalid, illegal, or unenforceable provision had never been contained herein.

10. **DUTY TO COOPERATE.** Each of the Parties agree to do all such things, take all such actions, and to make, execute, and deliver such other documents and instruments as shall be reasonably requested by any other Party to carry out this provision, intent, and purposes of this Settlement Agreement.

11. **ACKNOWLEDGEMENTS.** Each of the Parties has received independent legal advice as to the nature and obligations of this Settlement Agreement, including documents referred to herein or annexed hereto, and each has been fully informed of its respective legal rights, obligations, and liabilities as set forth therein. The Parties have entered into this Settlement Agreement freely and voluntarily and of their own free will and accord without any threat, force, or duress in any form or nature whatsoever. In the event of an ambiguity or question of intent, this Settlement Agreement shall be construed as if drafted jointly by the Parties, and no presumption or burden of proof shall arise favoring or disfavoring any party hereto by virtue of the authorship of any of the provisions of this Settlement Agreement.

12. **CONSTRUCTION.** The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning. Each of the Parties represents to the other that it is not aware of any fact, circumstance, law, or claim that would cause any provision of this Settlement Agreement to be void or unenforceable for any reason. The headings used in this Settlement Agreement are merely for the convenience of the Parties are not intended to have any substantive meaning and shall not be considered in interpreting the substantive terms of this Settlement Agreement.

13. **ENTIRE AGREEMENT AND MERGER.** This Settlement Agreement constitutes the complete agreement and understanding of the Parties and their attorneys regarding the settlement of all claims pending in the Litigation and the subject matter hereto. The Parties represent and warrant that they have not relied upon any, and there are no, written or oral statements, promises, representation, conditions, inducements, or agreements other than those expressed in this Agreement.

14. **TIME IS OF THE ESSENCE.** Time is of the essence as to each and every provision of this Settlement Agreement.

15. **FACSIMILE OR E-MAIL SIGNATURES.** This Settlement Agreement may be executed in counterparts and copies transmitted via facsimile or e-mail shall constitute originals.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Settlement Agreement this __19__ day of August, 2014.

**ARENA JOHNSON**

By: __Arena Johnson__

Date: __8-27-14__

**BUSINESS DECISIONS INFORMATION, INC.**

By: __Welton S. Williams__

Its: __President__

Date: __8-19-14__

**WELTON S. WILLIAMS**

By: __Welton S. Williams__

Date: __8-19-14__